Oscar **TAFOLLA–LEON**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–72175.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.\*

Decided Oct. 26, 2004.

Fed. R.App. P. 34(a)(2).

618

Oscar Tafolla–Leon, Paso Robles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

### MEMORANDUM **

Oscar Tafolla–Leon, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' summary affirmance without opinion of an Immigration Judge's order denying his application for cancellation of removal.

Petitioner contends that the IJ erred in denying his application for cancellation of removal, failed to take into consideration that Tafolla–Leon was inadequately represented in court, failed to allow him to present documentary evidence to prove good moral character and extreme hardship, and erred in not granting him adjustment of status.

■ The IJ denied petitioner's application for cancellation of removal as a matter of discretion. We lack jurisdiction over

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

BIA decisions that involve the exercise of discretion, including the ultimate discretionary decision to deny cancellation of removal relief. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003); *Kalaw v. INS,* 133 F.3d 1147, 1149 (9th Cir.1997). We therefore lack jurisdiction over petitioner's claim that the IJ erred in denying his application for cancellation of removal. To the extent that petitioner raises a due process challenge to the denial of cancellation of removal, this argument is foreclosed by *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003), and, therefore, does not raise a colorable due process challenge. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1270–71 (9th Cir.2001).

■ We also lack jurisdiction over petitioner's remaining claims, because petitioner failed to administratively exhaust these claims below. *See* 8 U.S.C. § 1252(d)(1); *Hernandez–Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED.**